UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wade Stephney, Jr., # 90998, | ) C/A No. 8:06-2050-MBS-BHH |
| Plaintiff, | ) |
| | ) REPORT AND |
| vs. | ) RECOMMENDATION |
| | ) |
| Ronaldo Myers, Director, Alvin S. Glenn Detention Center, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

The plaintiff, Wade Stephney, Jr. (Plaintiff), proceeding *pro se*, filed documents construed to be an action brought pursuant to 42 U.S.C. § 1983.[1] Plaintiff is incarcerated in the Richland County Detention Center and files this action seeking to proceed without prepayment of the filing fee under 28 U.S.C. § 1915. Plaintiff, upon direction of the Court, filed an amended complaint. The amended complaint appears to convert his civil rights claim for medical indifference into a habeas action based on violations of the Interstate Agreement on Detainers (IAD), S.C. Code Ann. § 17-11-10. Plaintiff seeks "release from detention and custody," and does not seek monetary damages. This action should be dismissed.

### *Pro Se* and *In Forma Pauperis* Review

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

administrative costs of proceeding with the lawsuit. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

2

**Background**

Plaintiff filed three documents that together were liberally construed as a complaint under 42 U.S.C. § 1983 for possible indifference to serious medical needs. The first document is titled "Application (and) Summons for a 1983: 345/3468 Medical Civil Rights Violations; under 28 USC 1367(A) to be amended; Jurisdictions 28 USC 1331 (and) 28 USC 1332." The "Statement of Facts" and "Statement of Claim" in the one page document state Plaintiff was a pretrial detainee in North Carolina and was extradicted to the Richland County Detention Center in South Carolina on May 25, 2006. The "Statement of Claim" alleges Plaintiff's "prescriptions and prescription medications was confiscated/ lost/ missing/ stolen" by the staff of the North Carolina or South Carolina detention centers, and therefore he has been denied "proper and adequate medical treatment and care."[2] Plaintiff "seeks an Injunction or Declaration Reliefs" to stop medical staff "from denying the Plaintiff medical care and adequate medical treatments for neck, head injuries and migraines headaches." The second and third document filed as part of Plaintiff's complaint appear to request that the Plaintiff's pending state criminal case be removed to federal court. Each of the three documents construed as a complaint are difficult to comprehend because strings of phrases and attempts at legal citation are put together with few coherent factual allegations.

The lack of coherent presentation and the failure to provide necessary financial and service paperwork resulted in an order requiring the Plaintiff to bring the case into proper form. By order dated August 7, 2006, Plaintiff was given a specific time in which to file an

---

[2] These medical claims are similar to claims Plaintiff brought in this Court in Civil Action No. 8:06-2157-MBS on July 31, 2006.

3

Amended Complaint using the Court's complaint form and provide the correct financial information for evaluation, as well as the paperwork necessary for service of process.[3]  On August 11, 2006, outside of the time allowed, Plaintiff filed an Amended Complaint.[4]  The Amended Complaint names only Ronaldo Myers, the Director of Alvin S. Glenn Detention Center, as a defendant, and raises only issues related to violations of the Interstate Agreement on Detainers, S.C. Code Ann. § 17-11-10, *et seq*.  The Amended Complaint requests release from detention and custody as the sole relief.

## Discussion

The Amended Complaint [docket entry # 6] in this case does not address any of the medical claims Plaintiff attempted to raise in the initial papers construed as a complaint [docket entry #1].  No service papers in relation to those claims were received, and the Plaintiff appears to have abandoned any medical claims in this action.  Thus, those claims should be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See* Link v. Wabash Railroad Company, 370 U.S. 626 (1962).

The original documents construed as a complaint also attempt to remove a pending state criminal case to this federal district court.  The removal of cases from state courts under 28 U.S.C. § 1441 is not applicable to criminal cases.  The clear language of § 1441(a) states "any civil action," which does not include criminal actions.  The removal

---

[3] Plaintiff submitted a summons and USM-285 form for service on the Defendant Ronaldo Meyers, but also provided service papers for individuals not named as defendants in any case pending before this Court.

[4] On October 5, 2006, also outside of the time allowed, Plaintiff returned the required financial document; however it is noted that he again named individuals in the caption who are not parties to this action.

statute cannot be used to transfer jurisdiction in a state criminal action to a federal district court.

The Amended Complaint is brought against Ronaldo Myers, the Director of the Alvin S. Glenn Detention Center (Richland County Detention Center) in South Carolina, and requests release from custody. Plaintiff's request to be released appears to be based on failure to conduct a trial within the time limits of Article III of the IAD.[5] The Amended Complaint makes no allegations against the Defendant, the director of the detention center, that relate to the stated ground for relief. From the scant facts presented in the Amended Complaint, no inference can be made that the Defendant Myers has any involvement in the issue of timing in conducting a criminal trial involving the Plaintiff. The Amended Complaint fails to state a claim under 42 U.S.C. § 1983 against the Defendant Myers.

Plaintiff has styled his claim as one cognizable under 42 U.S.C. § 1983.[6] However, as Plaintiff clearly is seeking immediate release from imprisonment and he sues his "custodian," his Amended Complaint could be construed as a petition filed pursuant to the

---

[5] The IAD is "a compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." New York v. Hill, 528 U.S. 110, 111 (2000); 18 U.S.C. App. § 2. Failure to conduct a trial within 180 days under Article III of the IAD, if required prerequisites are met and waiver or continuance are not obtained, can result in the criminal indictment being dismissed. Id. at 112.

[6] Section 1983 provides, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

federal habeas corpus statute, 28 U.S.C. § 2241.[7]  Both statutes provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)).

Even if Plaintiff's Amended Complaint is construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and this case were converted to a habeas action, the petition would be subject to dismissal.  A federal writ of habeas corpus under 28 U.S.C. § 2241 can be sought only after a petitioner has exhausted state remedies.  Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary under section 2241, just as it is necessary under section 2254.  *See*, *e.g.*, Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975); Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980); *Cf.* Hamlin v. Warren, 664 F.2d 29, 30-32 & n. * (4th Cir. 1981).

Plaintiff asserts he was brought to the Richland County Detention Center on May 25, 2006, from the Columbus County Detention Center in Whiteville, North Carolina. Complaint at 1.  Less than two months later, in July, Plaintiff filed this action, and then filed

---

[7]   Section 2241 permits a district court to grant to a prisoner a writ of habeas corpus if he "is in custody in violation of the Constitution or laws or treaties of the United States."  Plaintiff references § 2254, but 28 U.S.C. § 2254 allows federal habeas corpus relief for a state prisoner only after conviction.  A *pretrial detainee* files a habeas petition for federal habeas corpus relief under § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'"  United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995)(quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.1986).

the Amended Complaint in August.  The issue of a timely trial within 180 days under the IAD appears to be premature.  Any issues involving Plaintiff's extradition and the timing of his trial must be presented first to the state courts, even if violation of the United States Constitution or laws or treaties of the United States are alleged.  The state courts must be given the opportunity to address the issues, up to the highest state court, before a request for federal habeas relief can be considered.  *Cf.*  Matthews v. Evatt, 105 F3d. 907, 910 (4th Cir.1996).  The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.  *See*, *e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-70 (1898); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873).   The United States Court of Appeals for the Fourth Circuit, in Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52 (4th Cir. 1989), ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.  *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) ("Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  The plaintiff's attention is directed to the notice on the following page.

s/Bruce Howe Hendricks
United States Magistrate Judge

December 20, 2006
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).